**B1 (Official Form 1) (4/10)**

| United States Bankruptcy Court<br>Northern District of Illinois | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Osinski, Theodore A. | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>Osinski, Kellyann |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>None | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>None |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):  5548 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):  1778 |
| Street Address of Debtor (No. and Street, City,  and State)<br>362 East Stanton Court<br>Round Lake Beach, IL<br><br>ZIPCODE 60073 | Street Address of Joint Debtor (No. and Street, City, and State)<br>362 East Stanton Court<br>Round Lake Beach, IL<br><br>ZIPCODE 60073 |
| County of Residence or of the Principal Place of Business:<br>Lake | County of Residence or of the Principal Place of Business:<br>Lake |
| Mailing Address of Debtor (if different from street address):<br><br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above): | ZIPCODE |

**Type of Debtor**
(Form of Organization)
(Check one box)

- [x] Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- [ ] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

_____

**Nature of  Business**
(Check one  box)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other  N.A.

**Tax-Exempt Entity**
(Check box, if applicable)

- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed**

- [x] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box)

- [x] Debts are primarily consumer debts, defined in 11 U.S.C. §101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [ ] Debts are primarily business debts

**Filing Fee** (Check one box)

- [x] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (Applicable to individuals only)  Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Check one box:**     **Chapter 11 Debtors**

- [ ] Debtor is a small business as defined in 11 U.S.C. § 101(51D)
- [ ] Debtor is not a small business as defined in 11 U.S.C. § 101(51D)

**Check if:**

- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*

**Check all applicable boxes**

- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes, in accordance with  11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1000-5000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Estimated Assets**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Estimated Liabilities**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 32262-301X-02210 - Adobe PDF

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **Theodore A. Osinski & Kellyann Osinski** |
|---|---|

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location Where Filed: **NONE** | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: **N.A.** | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: **NONE** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11) | (To be completed if debtor is an individual whose debts are primarily consumer debts) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X   /s/ James T Magee              May 3, 2011 Signature of Attorney for Debtor(s)        Date |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☑ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
### (Check any applicable box)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United Sates in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
### (Check all applicable boxes)

☐ Landlord has a judgment for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable non bankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)).

| B1 (Official Form 1) (4/10) | | Page 3 |
|---|---|---|

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>Theodore A. Osinski & Kellyann Osinski |
|---|---|

## Signatures

<table>
<tr>
<td>

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** /s/ Theodore A. Osinski
<br>Signature of Debtor

**X** /s/ Kellyann Osinski
<br>Signature of Joint Debtor

Telephone Number (If not represented by attorney)

May 3, 2011
<br>Date

</td>
<td>

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐  I request relief in accordance with chapter 15 of title 11, United States Code.  Certified copies of the documents required by § 1515 of title 11 are attached.

☐  Pursuant to 11 U.S.C.§ 1511, I request relief in accordance with the chapter of title 11 specified in this petition.   A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X**
<br>(Signature of Foreign Representative)

(Printed Name of Foreign Representative)

(Date)

</td>
</tr>
<tr>
<td>

### Signature of Attorney*

**X** /s/ James T Magee
<br>Signature of Attorney for Debtor(s)

JAMES T MAGEE 1729446
<br>Printed Name of Attorney for Debtor(s)

Magee, Negele & Associates, P.C.
<br>Firm Name

444 North Cedar Lake Road
<br>Address

Round Lake, Illinois 60073

(847) 546-0055
<br>Telephone Number

May 3, 2011
<br>Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

</td>
<td>

### Signature of Non-Attorney Petition Preparer

I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110,  2) I prepared this document for compensation, and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. § 110(b), 110(h), and 342(b); and, 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before any document for filing for a debtor or accepting any fee from the debtor, as required in that section.  Official Form 19 is attached.

Printed Name and title, if any, of Bankruptcy Petition Preparer

Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

Address

**X**

Date

Signature of bankruptcy petition  preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

</td>
</tr>
<tr>
<td>

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X**
<br>Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

</td>
<td></td>
</tr>
</table>

Bankruptcy2011©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 32262-301X-02210 - Adobe PDF

B1 D (Official Form 1, Exhibit D ) (12/09)

# UNITED STATES BANKRUPTCY COURT
### Northern District of Illinois

In re _Theodore A. Osinski & Kellyann Osinski_____   Case No._____
                Debtor(s)   (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

B1 D (Official Form 1, Exh. D)  (12/09) – Cont.                                                                                Page 2

❑  3.   I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.  *[Summarize exigent circumstances here.]*

    **If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency.  Failure to fulfill these requirements may result in dismissal of your case.  Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❑  4.   I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*
    ❑   Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
    ❑   Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.**);**
    ❑   Active military duty in a military combat zone.

❑  5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district**.**

    **I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: _____/s/ Theodore A. Osinski_____
                                         THEODORE A. OSINSKI

Date: _____May 3, 2011_____

B1 D (Official Form 1, Exhibit D ) (12/09)

# UNITED STATES BANKRUPTCY COURT
## Northern District of Illinois

In re _Theodore A. Osinski & Kellyann Osinski_____        Case No._____
Debtor(s)                                                          (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

B1 D (Official Form 1, Exh. D)  (12/09) – Cont.                                                              Page 2

❏  3.   I certify that I requested credit counseling services from an approved agency but
was unable to obtain the services during the seven days from the time I made my request, and the
following exigent circumstances merit a temporary waiver of the credit counseling requirement
so I can file my bankruptcy case now.   *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit
counseling briefing within the first 30 days after you file your bankruptcy petition and
promptly file a certificate from the agency that provided the counseling, together with a
copy of any debt management plan developed through the agency.  Failure to fulfill these
requirements may result in dismissal of your case.  Any extension of the 30-day deadline
can be granted only for cause and is limited to a maximum of 15 days. Your case may also
be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case
without first receiving a credit counseling briefing.**

❏  4.   I am not required to receive a credit counseling briefing because of: *[Check the
applicable statement.] [Must be accompanied by a motion for determination by the court.]*
   ❏   Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental
   illness or mental deficiency so as to be incapable of realizing and making rational
   decisions with respect to financial responsibilities.);
   ❏   Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the
   extent of being unable, after reasonable effort, to participate in a credit counseling
   briefing in person, by telephone, or through the Internet.**);**
   ❏   Active military duty in a military combat zone.

❏  5. The United States trustee or bankruptcy administrator has determined that the credit
counseling requirement of 11 U.S.C. § 109(h) does not apply in this district**.**

**I certify under penalty of perjury that the information provided above is true and
correct.**

Signature of Joint Debtor:_____ /s/ Kellyann Osinski _____

                                            KELLYANN OSINSKI

            Date: ____ May 3, 2011 _____

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 32262-301X-02210 - Adobe PDF

**B6 Cover (Form 6 Cover) (12/07)**

# FORM 6. SCHEDULES

Summary of Schedules
Statistical Summary of Certain Liabilities and Related Data (28 U.S.C. § 159)

Schedule A - Real Property
Schedule B - Personal Property
Schedule C - Property Claimed as Exempt
Schedule D - Creditors Holding Secured Claims
Schedule E - Creditors Holding Unsecured Priority Claims
Schedule F - Creditors Holding Unsecured Nonpriority Claims
Schedule G - Executory Contracts and Unexpired Leases
Schedule H - Codebtors
Schedule I - Current Income of Individual Debtor(s)
Schedule J - Current Expenditures of Individual Debtor(s)

Unsworn Declaration under Penalty of Perjury

GENERAL INSTRUCTIONS: The first page of the debtor's schedules and the first page of any amendments thereto must contain a caption as in Form 16B. Subsequent pages should be identified with the debtor's name and case number. If the schedules are filed with the petition, the case number should be left blank

Schedules D, E, and F have been designed for the listing of each claim only once. Even when a claim is secured only in part or entitled to priority only in part, it still should be listed only once. A claim which is secured in whole or it part should be listed on Schedule D only, and a claim which is entitled to priority in whole or in part should be listed on Schedule E only. Do not list the same claim twice. If a creditor has more than one claim, such as claims arising from separate transactions, each claim should be scheduled separately.

Review the specific instructions for each schedule before completing the schedule.

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 32262-301X-02210 - Adobe PDF

**B6A (Official Form 6A) (12/07)**

In re  Theodore A. Osinski & Kellyann Osinski                          Case No. _____
                  **Debtor**                                                                       **(If known)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C – Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| None | | | | |
| | | Total | 0.00 | |

(Report also on Summary of Schedules.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 32262-301X-02210 - Adobe PDF

**B6B (Official Form 6B) (12/07)**

In re  Theodore A. Osinski & Kellyann Osinski _____    Case No. _____
              **Debtor**                                                                          **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | Cash on Hand | J | 100.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Deposits of Money (Chase #7283) | H | 700.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | Landlord's Security Deposit<br>Utility Deposits | J<br>J | 2,800.00<br>500.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Household Furniture and Furnishings<br>Television | J<br>J | 1,000.00<br>200.00 |
| 5. Books. Pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Wearing Apparel | J | 500.00 |
| 7. Furs and jewelry. | | Jewelry | J | 20.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | Illinois State Retirement Plan (monthly on retirement) | W | Unknown |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 32262-301X-02210 - Adobe PDF

In re    Theodore A. Osinski & Kellyann Osinski                         Case No. _____
         **Debtor**                                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlement to which the debtor is or may be entitled. Give particulars. | | Possible Child Support Claim | W | Unknown |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate or a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights of setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. §101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 1997 Dodge Ram (116,200 miles) 2009 Dodge Journey (65,000 miles) 2005 Dodge Ram (96,000 miles) (repossessed; not yet sold) | J J J | 2,000.00 9,300.00 10,000.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 32262-301X-0220 - Adobe PDF

In re   Theodore A. Osinski & Kellyann Osinski                          Case No. _____
           **Debtor**                                                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 29. Machinery, fixtures, equipment, and supplies used in business. | | Tools | J | 100.00 |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

_____0_____   continuation sheets attached        Total     $        27,220.00

(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 32262-301X-02210 - Adobe PDF

B6C (Official Form 6C)  (04/10)

In re   Theodore A. Osinski & Kellyann Osinski                          Case No. _____
_____
               **Debtor**                                                                    **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)

☐  11 U.S.C. § 522(b)(2)                          ☐  Check if debtor claims a homestead exemption that exceeds
☑  11 U.S.C. § 522(b)(3)                                $146,450*.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Deposits of Money (Chase #7283) | 735 ILCS 5/12-1001(b) | 700.00 | 700.00 |
| Landlord's Security Deposit | 735 ILCS 5/12-901<br>735 ILCS 5/12-901 | 1,400.00<br>1,400.00 | 2,800.00 |
| Utility Deposits | 735 ILCS 5/12-1001(b)<br>735 ILCS 5/12-1001(b) | 250.00<br>250.00 | 500.00 |
| Household Furniture and Furnishings | 735 ILCS 5/12-1001(b)<br>735 ILCS 5/12-1001(b) | 500.00<br>500.00 | 1,000.00 |
| Wearing Apparel | 735 ILCS 5/12-1001(a)<br>735 ILCS 5/12-1001(a) | 250.00<br>250.00 | 500.00 |
| Illinois State Retirement Plan (monthly on retirement) | 735 ILCS 5/12-1006 | 100% of FMV | Unknown |
| 1997 Dodge Ram (116,200 miles) | 735 ILCS 5/12-1001(c) | 2,000.00 | 2,000.00 |
| 2009 Dodge Journey (65,000 miles) | 735 ILCS 5/12-1001(c) | 2,400.00 | 9,300.00 |
| 2005 Dodge Ram (96,000 miles) (repossessed; not yet sold) | 735 ILCS 5/12-1001(b)<br>735 ILCS 5/12-1001(b) | 0.00<br>0.00 | 10,000.00 |
| Tools | 735 ILCS 5/12-1001(b)<br>735 ILCS 5/12-1001(b) | 50.00<br>50.00 | 100.00 |
| Cash on Hand | 735 ILCS 5/12-1001(b)<br>735 ILCS 5/12-1001(b) | 50.00<br>50.00 | 100.00 |
| Television | 735 ILCS 5/12-1001(b)<br>735 ILCS 5/12-1001(b) | 100.00<br>100.00 | 200.00 |
| Jewelry | 735 ILCS 5/12-1001(b)<br>735 ILCS 5/12-1001(b) | 10.00<br>10.00 | 20.00 |
| Possible Child Support Claim | 735 ILCS 5/12-1001(g)(4) | 100% of FMV | Unknown |

*Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 32262-301X-02210 - Adobe PDF

B6D (Official Form 6D) (12/07)

In re ___Theodore A. Osinski & Kellyann Osinski_____,    Case No. _____
           **Debtor**    **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

   List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

   If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

   If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

   Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>Chicago Auto Dealers, Inc.<br>206 Barron Boulevard<br>Grayslake, IL 60030 | | J | Lien: Automobile Loan<br>Security: 1997 Dodge Ram<br><br><br>VALUE $        2,000.00 | | | | 3,890.00 | 1,890.00 |
| ACCOUNT NO. 1001<br><br>Exeter Finance Corp<br>1231 Greenway Drive<br>Irving, TX 75038 | | J | Lien: Automobile Loan<br>Security: 2009 Dodge Journey<br><br><br>VALUE $        9,300.00 | | | | 14,295.00 | 4,995.00 |
| ACCOUNT NO. 3201<br><br>Regional Acceptance Co.<br>765 Ela Road, #205<br>Lake Zurich, IL 60004 | | J | Lien: Automobile Loan<br>Security: 2005 Dodge Ram<br><br><br>VALUE $       10,000.00 | | | | 27,028.00 | 17,028.00 |

___0___ continuation sheets attached

| | | |
|---|---|---|
| Subtotal ► (Total of this page) | $    45,213.00 | $    23,913.00 |
| Total ► (Use only on last page) | $    45,213.00 | $    23,913.00 |
| | (Report also on Summary of Schedules) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 32262-301X-02210 - Adobe PDF

**B6E (Official Form 6E) (04/10)**

In re _Theodore A. Osinski & Kellyann Osinski_____,     Case No._____
         Debtor                                                                                          (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed.R.Bankr.P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

*Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 32262-301X-02210 - Adobe PDF

**B6E (Official Form 6E) (04/10) - Cont.**

In re___Theodore A. Osinski & Kellyann Osinski_____,    Case No._____
                                        Debtor                                                                                      (if known)

☐    **Certain farmers and fishermen**

　　　Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).


☐    **Deposits by individuals**

　　　Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☐    **Taxes and Certain Other Debts Owed to Governmental Units**

　　　Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).


☐    **Commitments to Maintain the Capital of an Insured Depository Institution**

　　　Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).


☐    **Claims for Death or Personal Injury While Debtor Was Intoxicated**

　　　Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).


　　　*Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 32262-301X-02210 - Adobe PDF

___0___  **continuation sheets attached**

**B6F (Official Form 6F) (12/07)**

In re  Theodore A. Osinski & Kellyann Osinski   ,      Case No. _____
_____
        **Debtor**                                      **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 3885 | | | Balance on Account | | | | |
| ACL Laboratories c/o State Collection Service 2509 S Stoughton Road Madison, WI 53716 | | H | | | | X | 651.00 |
| ACCOUNT NO. 3885 | | | | | | | |
| ACL Laboratories c/o State Collection Service P. O. Box 6250 Madison, WI 53716 | | H | | | | | Notice Only |
| ACCOUNT NO. | | | Judgment | | | | |
| Advanced Critical Transport 8940 Ogden Avenue Brookfield, IL 60513-2039 | | J | | | | X | 785.00 |
| ACCOUNT NO. 6225 | | | Balance on Account | | | | |
| Alexander Kathpalia c/o Creditors Discount & A 415 East Main Street Streator, IL 61364 | | H | | | | | 1,144.00 |

11  continuation sheets attached

Subtotal ➤  $  2,580.00

Total ➤  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 32262-301X-02210 - Adobe PDF

B6F (Official Form 6F) (12/07) - Cont.

In re  Theodore A. Osinski & Kellyann Osinski_____,        Case No. _____
         **Debtor**                                                               **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  6225<br><br>Alexander Kathpalia<br>c/o CDA/Pontiac<br>P. O. Box 213<br>Sreator, IL 61364 | | H | | | | | Notice Only |
| ACCOUNT NO.  5971<br><br>AT&T<br>c/o Asset Acceptance LLC<br>P. O. Box 2036<br>Warren, MI 48090 | | W | Balance on Account | | | X | 200.00 |
| ACCOUNT NO.  2217<br><br>AT&T<br>c/o West Asset<br>7171 Mercy Road<br>Omaha, NE 68106 | | W | Balance on Account | | | | 200.00 |
| ACCOUNT NO.  2217<br><br>AT&T<br>c/o West Asset Management<br>2703 North Highway 75<br>Sherman, TX 75090 | | W | | | | | Notice Only |
| ACCOUNT NO.  4823<br><br>Citibank N A<br>701 E 60th St N<br>Sioux Falls, SD 57104 | | H | 1. Included In Bankruptcy<br>2. Account Closed | | | | -1.00 |

Sheet no. _1_ of _11_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤   $         399.00

Total ➤   $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re  Theodore A. Osinski & Kellyann Osinski_____,       Case No. _____
             **Debtor**                                                                                    **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  4820 <br><br> Citibank Stu <br> 701 E 60th St N <br> Sioux Falls, SD 57104 | | H | 1. Included In Bankruptcy <br> 2. Account Closed | | | | 0.00 |
| ACCOUNT NO.  4822 <br><br> Citibank Stu <br> 701 E 60th St N <br> Sioux Falls, SD 57104 | | H | 1. Included In Bankruptcy <br> 2. Account Closed | | | | 0.00 |
| ACCOUNT NO.  9025 <br><br> Comcast <br> c/o Credit Protect Assoc <br> P. O. Box 802068 <br> Dallas, TX 75380 | | H | | | | | Notice Only |
| ACCOUNT NO.  9025 <br><br> Comcast <br> c/o Credit Protection Assoc <br> 13355 Noel Road, #2100 <br> Dallas, TX 75240 | | H | | | | | Notice Only |
| ACCOUNT NO.  1420 <br><br> Comcast Chicago Seconds <br> c/o Credit Management LP <br> 4200 International Pkwy <br> Carrollton, TX 75007 | | H | Balance on Account | | | X | 1,427.00 |

Sheet no. __2__ of __11__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤  | $ | 1,427.00

Total ➤  | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 32262-301X-02210 - Adobe PDF

**B6F (Official Form 6F) (12/07) - Cont.**

In re <u>Theodore A. Osinski & Kellyann Osinski</u>, Case No. _____
**Debtor**                                                           **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 4328<br><br>Comcast Chicago Seconds<br>c/o Credit Management LP<br>4200 International Pkwy<br>Carrollton, TX 75007 | | W | Balance on Account | | | X | 829.00 |
| ACCOUNT NO. 0127<br><br>ComEd<br>Bankruptcy Department<br>2100 Swift Drive<br>Oak Brook, IL 60523 | | W | Balance on Account | | | | 1,063.02 |
| ACCOUNT NO. 7908<br><br>ComEd Residential<br>c/o Cbe Group<br>1309 Technology Pkwy<br>Cedar Falls, IA 50613 | | H | Balance on Account | | | | 1,278.00 |
| ACCOUNT NO. 0999<br><br>Dept of Education/Nelnet<br>3015 Parker Road<br>Aurora, CO 80014 | | W | Student Loan | | | | 6,000.00 |
| ACCOUNT NO. 0899<br><br>Dept of Education/Nelnet<br>3015 Parker Road<br>Aurora, CO 80014 | | W | Student Loan | | | | 3,500.00 |

Sheet no. <u>3</u> of <u>11</u> continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤ | $ | 12,670.02

Total ➤ | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re  Theodore A. Osinski & Kellyann Osinski                ,        Case No. _____
              **Debtor**                                                              **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  1372  Des Plaines Valley Public Library c/o Unique National Collection 119 East Maple Street Jeffersonville, IN 47130 | | W | Balance on Account | | | | 60.00 |
| ACCOUNT NO.  5815  Direct Brands Inc. c/o Penn Credit Corporation 916 South 14th Street Harrisburg, PA 17104 | | W | Balance on Account | | | | 46.00 |
| ACCOUNT NO.  1003  Fingerhut Direct Marketing c/o Jefferson Capital Systems 16 McLeland Road Saint Cloud, MN 56303 | | W | Balance on Account | | | | 230.00 |
| ACCOUNT NO.  0860  HSBC Card Services III, Inc. c/o Arrow Financial Services 5996 West Touhy Avenue Niles, IL 60714 | | H | Balance on Account | | | | 828.00 |
| ACCOUNT NO.  4000  Hsbc/tax 200 Somerset Copor Bridgewater, NJ 08807 | | H | 1. Charge Off for $1160 on 05/07 2. Account Closed By Grantor | | | | -1.00 |

Sheet no. __4__ of __11__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤   $        1,163.00

Total ➤   $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 32262-301X-02210 - Adobe PDF

B6F (Official Form 6F) (12/07) - Cont.

In re  Theodore A. Osinski & Kellyann Osinski_____ ,    Case No. _____
       **Debtor**                                                              **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  7601 <br><br> Kurtz Ambulance Service <br> c/o Northwest Collectors <br> 3601 Algonquin Road, #23 <br> Rolling Meadows, IL 60008 | | H | Balance on Account | | | X | 3,000.00 |
| ACCOUNT NO.  3790 <br><br> Marquette Bank <br> 234 N. Bolingbrook Drive <br> Bolingbrook, IL 60440-2383 | | W | Balance on Account | | | | Unknown |
| ACCOUNT NO.  5292 <br><br> Nicor Gas <br> Credit Department <br> P. O. Box 549 <br> Aurora, IL 60507 | | H | Balance on Account | | | | 500.00 |
| ACCOUNT NO. <br><br> Olga Garpinitch <br> c/o Yevgeniy Vaysman, Ltd. <br> 3400 Dundee Road, #150 <br> Northbrook, IL 60062 | | H | Accident Claim | | | | Unknown |
| ACCOUNT NO.  6035 <br><br> Palos Emergency Med Serv. <br> c/o Professional Acct Mgmt <br> P. O. Box 391 <br> Milwaukee, WI 53201 | | H | | | | | Notice Only |

Sheet no. __5__ of __11__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤ | $ | 3,500.00

Total ➤ | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 32262-301X-02210 - Adobe PDF

B6F (Official Form 6F) (12/07) - Cont.

In re   Theodore A. Osinski & Kellyann Osinski _____,   Case No. _____
          **Debtor**                                                           **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  2796<br><br>Palos Emergency Med. Serv.<br>c/o Merchants Credit<br>223 W Jackson Blvd<br>Chicago, IL 60606 | | H | Balance on Account | | | | 330.00 |
| ACCOUNT NO.  2620<br><br>Palos Emergency Med. Serv.<br>c/o Merchants Credit<br>223 W Jackson Blvd<br>Chicago, IL 60606 | | W | Balance on Account | | | | 82.00 |
| ACCOUNT NO.  6700<br><br>Palos Emergency Med. Serv.<br>c/o Merchants Credit<br>223 W Jackson Blvd, #4<br>Chicago, IL 60606 | | H | Balance on Account | | | | 866.00 |
| ACCOUNT NO.  1841<br><br>Salute<br>P. O. Box 105555<br>Atlanta, GA 30348 | | W | Balance on Account | | | | 715.00 |
| ACCOUNT NO.  5267<br><br>Salute Visa Gold<br>c/o Midland Credit Mgmt<br>8875 Aero Drive<br>San Diego, CA 92123 | | W | Balance on Account | | | X | 801.00 |

Sheet no. 6 of 11 continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤ | $ | 2,794.00
Total ➤ | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 32262-301X-02210 - Adobe PDF

B6F (Official Form 6F) (12/07) - Cont.

In re  Theodore A. Osinski & Kellyann Osinski_____,          Case No. _____
          **Debtor**                                                      **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 5267 Salute Visa Gold c/o Midland Credit Mgmt P. O. Box 939019 San Diego, CA 92193 | | W | | | | | Notice Only |
| ACCOUNT NO. 1000 Santander Consumer USA 8585 N Stemmons Fwy Dallas, TX 75247 | | J | Repossessed Vehicle | | | | 10,065.00 |
| ACCOUNT NO. 9272 Silver Cross Hospital c/o Miramedrg 991 Oak Creek Drive Lombard, IL 60148 | | W | Balance on Account | | | | 200.00 |
| ACCOUNT NO. 7795 Sir Finance Corp. c/o Paul D. Lowent P. O. Box 5718 Elgin, IL 60121-5718 | | H | Balance on Account | | | | 2,346.00 |
| ACCOUNT NO. 8244 Sprint c/o Enhanced Recovery 8014 Bayberry Road Jacksonville, FL 32256 | | W | Balance on Account | | | | 153.00 |

Sheet no. 7 of 11 continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤  $   12,764.00

Total ➤  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   Theodore A. Osinski & Kellyann Osinski_____,        Case No. _____
        **Debtor**                                                              **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 6713<br><br>Sprint<br>c/o ER Solutions<br>800 SW 39th Street<br>Renton, WA 98057 | | H | Balance on Account | | | | 875.00 |
| ACCOUNT NO. 6713<br><br>Sprint<br>c/o ER Solutions<br>P. O. Box 9004<br>Renton, WA 98057 | | H | | | | | Notice Only |
| ACCOUNT NO. 6035<br><br>TCF Bank<br>c/o Professional Acct Mgmt<br>633 W Wisconsin Avenue<br>Milwaukee, WI 53203 | | H | Balance on Account | | | | 395.00 |
| ACCOUNT NO. 2628<br><br>Tribute<br>P. O. Box 105555<br>Atlanta, GA 30348 | | W | Balance on Account | | | | 612.00 |
| ACCOUNT NO. 5756<br><br>Tribute Mastercard<br>c/o Midland Credit Mgmt<br>8875 Aero Drive<br>San Diego, CA 92123 | | W | Balance on Account | | | X | 686.00 |

Sheet no. _8_ of _11_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal➤ | $ | 2,568.00
Total➤ | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 32262-301X-02210 - Adobe PDF

B6F (Official Form 6F) (12/07) - Cont.

In re  Theodore A. Osinski & Kellyann Osinski_____ ,        Case No. _____
           **Debtor**                                                                         **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  5756<br><br>Tribute Mastercard<br>c/o Midland Credit Mgmt<br>P. O. Box 939019<br>San Diego, CA 92193 | | W | | | | | Notice Only |
| ACCOUNT NO.  1799<br><br>University of Phoenix<br>4615 East Elwood Street<br>Phoenix, AZ 85040 | | W | Balance on Account | | | | 854.00 |
| ACCOUNT NO.  5481<br><br>US Dept of Education<br>Attn: Borrowers Service Dept<br>P. O. Box 5609<br>Greenville, TX 75403 | | H | | | | | Notice Only |
| ACCOUNT NO.  5481<br><br>US Dept of Education<br>P. O. Box 5609<br>Greenville, TX 75403 | | H | Student Loan | | | | 24,644.00 |
| ACCOUNT NO.  1577<br><br>US Dept of Education/Glelsi<br>2401 International<br>Madison, WI 53704 | | W | Student Loan | | | | 2,506.00 |

Sheet no. __9__ of __11__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

                                      Subtotal ➤ | $ 28,004.00

                                        Total ➤ | $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 32262-301X-02210 - Adobe PDF

B6F (Official Form 6F) (12/07) - Cont.

In re ___Theodore A. Osinski & Kellyann Osinski_____,      Case No. _____
              **Debtor**                                                                     **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  8581<br><br>US Dept Of Education/Glelsi<br>2401 International<br>Madison, WI 53704 | | W | Student Loan | | | | 458.00 |
| ACCOUNT NO.  0001<br><br>Verizon Wireless<br>1515 Woodfield Road, #140<br>Schaumburg, IL 60173 | | W | | | | | Notice Only |
| ACCOUNT NO.  1094<br><br>Verizon Wireless<br>c/o Midland Credit Mgmt<br>8875 Aero Drive<br>San Diego, CA 92123 | | W | Balance on Account | | | | 718.00 |
| ACCOUNT NO.  1094<br><br>Verizon Wireless<br>c/o Midland Credit Mgmt<br>P. O. Box 939019<br>San Diego, CA 92193 | | W | | | | | Notice Only |
| ACCOUNT NO.  7956<br><br>West Bay Acquisitions<br>c/o National Recovery Agency<br>2491 Paxton Street<br>Harrisburg, PA 17111 | | H | Balance on Account | | | | 50.00 |

Sheet no. __10__ of __11__ continuation sheets attached
to Schedule of  Creditors Holding Unsecured
Nonpriority Claims

Subtotal➤    $          1,226.00

Total➤    $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 32262-301X-02210 - Adobe PDF

**B6F (Official Form 6F) (12/07) - Cont.**

In re  Theodore A. Osinski & Kellyann Osinski_____,       Case No. _____
        **Debtor**                                                                                    **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT ORCOMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  8871<br><br>Will County Medical Assoc.<br>c/o Harvard Collection<br>4839 N Elston Avenue<br>Chicago, IL 60630 | | H | Balance on Account | | | | 90.00 |
| ACCOUNT NO.<br><br> | | | | | | | |
| ACCOUNT NO.<br><br> | | | | | | | |
| ACCOUNT NO.<br><br> | | | | | | | |
| ACCOUNT NO.<br><br> | | | | | | | |

Sheet no. __11__ of __11__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤  $          90.00

Total ➤  $     69,185.02

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 32262-301X-02210 - Adobe PDF

B6G (Official Form 6G) (12/07)

In re <u>Theodore A. Osinski & Kellyann Osinski</u>                    Case No. _____
          **Debtor**                                                                                    **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

        Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests.
State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease.  Provide the
names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or
contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe,
guardian."  Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | Residential Lease |
| | |
| | |
| | |
| | |
| | |
| | |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 32262-301X-02210 - Adobe PDF

**B6H (Official Form 6H) (12/07)**

In re  Theodore A. Osinski & Kellyann Osinski                    Case No. _____
           **Debtor**                                                              **(if known)**

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. Bankr. P. 1007(m).

☑  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

B6I (Official Form 6I) (12/07)

In re  Theodore A. Osinski & Kellyann Osinski _____    Case _____
        **Debtor**                                               **(if known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  Do not state the name of any minor child.  The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status:  **Married** | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): daughter, niece, nephew | AGE(S): 7, 9, 11 |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Truck Driver | Mental Health Tech |
| Name of Employer | Centerline Drivers | State of Illinois |
| How long employed | 8 months | 1 year |
| Address of Employer | Berkley, Illinois | Waukegan, Illinois |
| | | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1.  Monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | $ 3,725.00 | $ 3,250.00 |
| 2.  Estimated monthly overtime | $ 0.00 | $ 0.00 |
| 3.  SUBTOTAL | $ 3,725.00 | $ 3,250.00 |
| 4.  LESS PAYROLL DEDUCTIONS | | |
|     a.  Payroll taxes and social security | $ 764.00 | $ 621.00 |
|     b.  Insurance | $ 0.00 | $ 190.00 |
|     c.  Union Dues | $ 0.00 | $ 56.00 |
|     d.  Other (Specify:_____) | $ 0.00 | $ 0.00 |
| 5.  SUBTOTAL OF PAYROLL DEDUCTIONS | $ 764.00 | $ 867.00 |
| 6..  TOTAL NET MONTHLY TAKE HOME PAY | $ 2,961.00 | $ 2,383.00 |
| 7.  Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ 0.00 |
| 8.  Income from real property | $ 0.00 | $ 0.00 |
| 9.  Interest and dividends | $ 0.00 | $ 0.00 |
| 10.  Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 0.00 | $ 0.00 |
| 11.  Social security or other government assistance ( Specify)  (S)Social Security for Niece | $ 0.00 | $ 674.00 |
| 12.  Pension or retirement income | $ 0.00 | $ 0.00 |
| 13.  Other monthly income _____ (Specify)  _____ | $ 0.00 $ 0.00 | $ 0.00 $ 0.00 |
| 14.  SUBTOTAL OF LINES 7 THROUGH 13 | $ 0.00 | $ 674.00 |
| 15.  AVERAGE MONTHLY INCOME (Add amounts shown on Lines 6 and 14) | $ 2,961.00 | $ 3,057.00 |
| 16.  COMBINED AVERAGE  MONTHLY INCOME  (Combine column totals from line 15) | $ 6,018.00 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17.  Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

    Debtors are legal guardians for niece and nephew. _____
_____
_____

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 32262-301X-02210 - Adobe PDF

In re  Theodore A. Osinski & Kellyann Osinski _____     Case No. _____

        **Debtor**                                                         **(if known)**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

        Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ 1,400.00 |
|     a. Are real estate taxes included? | Yes _____   No ✓ | |
|     b. Is property insurance included? | Yes _____   No ✓ | |
| 2. Utilities: a. Electricity and heating fuel | | $ 300.00 |
|            b. Water and sewer | | $ 150.00 |
|            c. Telephone | | $ 200.00 |
|            d. Other Cable/Internet/Trash | | $ 175.00 |
| 3. Home maintenance (repairs and upkeep) | | $ 100.00 |
| 4. Food | | $ 900.00 |
| 5. Clothing | | $ 400.00 |
| 6. Laundry and dry cleaning | | $ 50.00 |
| 7. Medical and dental expenses | | $ 250.00 |
| 8. Transportation (not including car payments) | | $ 600.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ 150.00 |
| 10.Charitable contributions | | $ 0.00 |
| 11.Insurance (not deducted from wages or included in home mortgage payments) | | |
|     a. Homeowner's or renter's | | $ 0.00 |
|     b. Life | | $ 0.00 |
|     c. Health | | $ 0.00 |
|     d.Auto | | $ 151.00 |
|     e. Other_____ | | $ 0.00 |
| 12.Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify)_____ | | $ 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|     a. Auto | | $ 330.00 |
|     b. Other  Auto Installment Payments | | $ 389.00 |
|     c. Other  Student Loans and Child Care | | $ 525.00 |
| 14. Alimony, maintenance, and support paid to others | | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ 0.00 |
| 17. Other  Bankruptcy Attorneys Fees | | $ 100.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17.  Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data) | | $ 6,170.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

    Link card ($100/mo) helps offset food expense; Debtor's niece has special needs and expenses can vary.

    _____

    _____

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
|     a. Average monthly income from Line 15 of Schedule I | (Includes spouse income of $3,057.00.  See Schedule I) | $ 6,018.00 |
|     b. Average monthly expenses from Line 18 above | | $ 6,170.00 |
|     c. Monthly net income (a. minus b.) | (Net includes Debtor/Spouse combined Amounts) | $ -152.00 |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 32262-301X-02210 - Adobe PDF

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## Northern District of Illinois

In re ____Theodore A. Osinski & Kellyann Osinski____          Case No. _____

_____

Debtor

Chapter ___7___

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

**AMOUNTS SCHEDULED**

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A – Real Property | YES | 1 | $        0.00 | | |
| B – Personal Property | YES | 3 | $   27,220.00 | | |
| C – Property Claimed as exempt | YES | 1 | | | |
| D – Creditors Holding Secured Claims | YES | 1 | | $   45,213.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 2 | | $        0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 12 | | $   69,185.02 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $   6,018.00 |
| J - Current Expenditures of Individual Debtors(s) | YES | 1 | | | $   6,170.00 |
| TOTAL | | 24 | $   27,220.00 | $  114,398.02 | |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 32262-301X-02210 - Adobe PDF

# United States Bankruptcy Court

### Northern District of Illinois

In re    Theodore A. Osinski & Kellyann Osinski      Case No. _____

          Debtor

                                                               Chapter       7 _____

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

        If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. §101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐    Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ 0.00 |
| Student Loan Obligations (from Schedule F) | $ 37,108.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ 0.00 |
| TOTAL | $ 37,108.00 |

**State the Following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ 6,018.00 |
| Average Expenses (from Schedule J, Line 18) | $ 6,170.00 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ 6,913.00 |

**State the Following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ 23,913.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ 0.00 |
| 4. Total from Schedule F | | $ 69,185.02 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ 93,098.02 |

In re _____    Case No. _____
                    Theodore A. Osinski & Kellyann Osinski

        **Debtor**                                              **(If known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

        I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ____26____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date __May 3, 2011_____    Signature: __/s/ Theodore A. Osinski_____
                                                    Debtor

Date __May 3, 2011_____    Signature: __/s/ Kellyann Osinski_____
                                                    (Joint Debtor, if any)

                                [If joint case, both spouses must sign.]

------------------------------------------------------------------------------------------------------

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

        I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____    _____
Printed or Typed Name and Title, if any,    Social Security No.
of Bankruptcy Petition Preparer                    *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
Address

X _____    _____
        Signature of Bankruptcy Petition Preparer                            Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

------------------------------------------------------------------------------------------------------

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

        I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____sheets *(total shown on summary page plus 1),*and that they are true and correct to the best of my knowledge, information, and belief.

Date _____    Signature: _____

                                                    _____
                                                    (Print or type name of individual signing on behalf of debtor.)

        *[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

------------------------------------------------------------------------------------------------------

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/10)

# UNITED STATES BANKRUPTCY COURT
## Northern District of Illinois

In Re  Theodore A. Osinski & Kellyann Osinski _____     Case No. _____
                                                                                          (if known)

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor.  Spouses filing a joint petition may file a single statement on which the information for both spouses is combined.  If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors.  Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25.  **If the answer to an applicable question is "None," mark the box labeled "None."**  If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."*  A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time.  An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."*  The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

### 1. Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the **two years** immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|           | AMOUNT    | SOURCE     |
|-----------|-----------|------------|
| 2011(db)  | $15,153.  | Employment |
| 2010(db)  | $21,732.  | Employment |
| 2009(db)  | $47,416.  | Employment |
|           |           |            |
| 2011(jdb) | $12,374.  | Employment |
| 2010(jdb) | $28,741.  | Employment |
| 2009(jdb) | $19,809.  | Employment |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 32262-301X-02210 - Adobe PDF

**2.    Income other than from employment or operation of business**

None

☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| 2011  (db)    $ 3,732. | Father's Social Security Disability (not deemed income) |
| 2010(db)    $11,676. | Unemployment Compensation & Father's Social Security (not deemed income) |
| 2011(jdb)    $ 2,696. | Niece's Social Security (not deemed income) |
| 2010(jdb)    $ 8,247. | Pension Distribution & Niece's Social Security (not deemed income) |

**3.  Payments to creditors**

None

☐

*Complete a. or b., as appropriate, and c.*

*a. Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as  part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Current monthly rental, car, cell phone and utility payments. | | | |
| H & R Block (Refund anticipation loan repayment) | February, 2011 | $1,698.00 | |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 32262-301X-02210 - Adobe PDF

None

☒

*b. Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

*\*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after date of adjustment.*

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None

☒

*c. All debtors:* List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None

☐

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Advanced Critical Transport v. Osinski Case No. | Collection on Account | Circuit Court of Lake County, Illinois | Judgment Entered |
| Sir Finance Corp. v. Theodore Osinski Case No. 11M1-127795 | Collection on Account | Circuit Court of Cook County, Illinois | Pending |

None ☒    b.      Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 5.   Repossessions, foreclosures and returns

None ☐      List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Regional Acceptance Corp. | March, 2011 | 2005 Dodge Ram<br>Value: $10,000.00<br>(Loan Balance: $27,000;<br>Vehicle not yet sold) |

### 6.   Assignments and Receiverships

None ☒    a.      Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ☒    b.      List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7.    Gifts**

None    List all gifts or charitable contributions made within one year immediately preceding the commencement of
☒    this case, except ordinary and usual gifts to family members aggregating less than $200 in value per individual
family member and charitable contributions aggregating less than $100 per recipient.   (Married debtors filing
under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a
joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8.    Losses**

None    List all losses from fire, theft, other casualty or gambling within one year immediately preceding the
☐    commencement of this case or since the commencement of this case.   (Married debtors filing under chapter 12
or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the
spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES, AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|
| 20005 Dodge Ram | Minor damage to vehicle $500 Paid by Insurance | May, 2010 |

**9.    Payments related to debt counseling or bankruptcy**

None    List all payments made or property transferred by or on behalf of the debtor to any persons, including
☐    attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a
petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| James T Magee Magee, Negele & Associates, P.C. 444 North Cedar Lake Road Round Lake, Illinois 60073 | Payor: Debtor | $900.00 |

**10.  Other transfers**

None    a.    List all other property, other than property transferred in the ordinary course of the business or financial
☐            affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the
             commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by
             either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition
             is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| Third Party<br>Relationship: Friend | 2009 | 1998 Ford Econoline Van<br>$1.00 Sale (Van was a net liability) |
| Exeter<br>Relationship: None | November, 2010 | 1999 Oldsmobile Alero<br>$1,000 credit on trade-in |

         b.    List all property transferred by the debtor within ten years immediately preceding the commencement of this
               case to a self-settled trust or similar device of which the debtor is a beneficiary.

None
☒
| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11.  Closed financial accounts**

None         List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor
☐            which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of
             this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments;
             shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage
             houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include
             information concerning accounts or instruments held by either or both spouses whether or not a joint petition is
             filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| Guaranty Bank | Checking Account<br>Closing Balance: ($ - 300.00) | January, 2011 |

**12. Safe deposit boxes**

None

☒         List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.   (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None

☒         List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case.   (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None

☒         List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None

☐         If the debtor has moved within the three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 522 East 9th Street Lockport, Illinois 60441 | Same Names | April, 2007 to May, 2010 |

**16.   Spouses and Former Spouses**

None

☒

    If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

      NAME

**17.   Environmental Sites**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

    "Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

    "Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None

☒

    a.    List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None

☒

    b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None

☒

    c.    List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18. Nature, location and name of business**

None
☒

a.    If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or  was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity  securities, within the six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

None
☒

b.    Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|------|---------|

## [Questions 19 - 25 are not applicable to this case]

*    *    *    *    *    *

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date    May 3, 2011          Signature of Debtor        /s/ Theodore A. Osinski

THEODORE A. OSINSKI

Date    May 3, 2011          Signature of Joint Debtor      /s/ Kellyann Osinski

KELLYANN OSINSKI

<u>    0    </u> continuation sheets attached

***Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §152 and 3571***

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and required under 11U.S.C. §§ 110(b), 110(h), and 342(b); (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section.

_____        _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer        Social Security No. (Required by 11 U.S.C. § 110(c).)
*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____

_____
Address

X_____        _____
Signature of Bankruptcy Petition Preparer        Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

***A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. §156.***

B8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
## Northern District of Illinois

Theodore A. Osinski & Kellyann Osinski

In re _____ ,   Case No. _____
                    Debtor                                                        Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** - Debts secured by property of the estate.  *(Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)*

| Property No.  1 | |
|---|---|
| **Creditor's Name:**<br> Chicago Auto Dealer, Inc. | **Describe Property Securing Debt:**<br> 1997 Dodge Ram (116,200 miles) |

Property will be *(check one)*:

☐ Surrendered                    ☑ Retained

If retaining the property, I intend to *(check at least one)*:

☐ Redeem the property
☐ Reaffirm the debt
☑ Other.  Explain <u>retain, keep current</u>_____(for example, avoid lien using 11 U.S.C. §522(f)).

Property is *(check one)*:

☑ Claimed as exempt                    ☐ Not claimed as exempt

| Property No. 2  *(if necessary)* | |
|---|---|
| **Creditor's Name:**<br> Exeter Finance Corp. | **Describe Property Securing Debt:**<br> 2009 Dodge Journey (65,000 miles) |

Property will be *(check one)*:

☐ Surrendered                    ☑ Retained

If retaining the property, I intend to *(check at least one)*:

☐ Redeem the property
☑ Reaffirm the debt
☐ Other.  Explain _____(for example, avoid lien using 11 U.S.C. §522(f)).

Property is *(check one)*:

☑ Claimed as exempt                    ☐ Not claimed as exempt

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 32262-301X-02210 - Adobe PDF

B8 (Official Form 8) (12/08)                                                                                    Page 2

**PART B** - Personal property subject to unexpired leases.  *(All three columns of Part B must be completed for
Each unexpired lease.  Attach additional pages if necessary.)*

| Property No.  1      NO Leased Property | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. §365(p)(2)):<br><br>☐ YES        ☐ NO |

| Property No.  2 *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. §365(p)(2)):<br><br>☐ YES        ☐ NO |

| Property No.  3 *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. §365(p)(2)):<br><br>☐ YES        ☐ NO |

   1     continuation sheets attached *(if any)*

**I declare under penalty of perjury that the above indicates my intention as to any property of my
Estate securing debt and/or personal property subject to an unexpired lease.**

Date: May 3, 2011 _____          /s/ Theodore A. Osinski _____
                                                  Signature of Debtor

                                                  /s/ Kellyann Osinski _____
                                                  Signature of Joint Debtor

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 32262-301X-02210 - Adobe PDF

B8 (Official Form8)(12/08)

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION
*(Continuation Sheet)*

**PART A**   - Continuation

| Property No: 3 | |
|---|---|
| **Creditor's Name:**<br> Regional Acceptance Co. | **Describe Property Securing Debt:**<br> 2005 Dodge Ram (96,000 miles) (repossessed;<br> not yet sold) |

Property will be   *(check one):*

☑ Surrendered            ☐ Retained

If retaining the property, I intend to   *(check at least one):*

☐ Redeem the property

☐ Reaffirm the debt

☐ Other.  Explain _____   (for example, avoid lien
using 11 U.S.C.§522(f)).

Property is   *(check one):*

☐ Claimed as exempt            ☑ Not claimed as exempt

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 32262-301X-0220 - Adobe PDF

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

**In Re:**                                                    **Case Number:**


Theodore A. Osinski                              **Chapter 7**
Kellyann Osinski




**VERIFICATION OF MAILING MATRIX**


**The above-named Debtor(s) hereby verifies that the attached list of creditors is true and correct to the best of my (our) knowledge.**


**Dated:** _____


_____
Debtor


_____
Joint Debtor




**James T. Magee [#01729446]
MAGEE, NEGELE & ASSOCIATES, P.C.
444 North Cedar Lake Road
Round Lake, Illinois 60073
(847) 546-0055**

Citibank N A
701 E 60th St N
Sioux Falls, SD 57104

Dept of Education/Nelnet
3015 Parker Road
Aurora, CO 80014

ACL Laboratories
c/o State Collection Service
2509 S Stoughton Road
Madison, WI 53716

Citibank Stu
701 E 60th St N
Sioux Falls, SD 57104

Des Plaines Valley Public
Library
c/o Unique National
Collection
119 East Maple Street
Jeffersonville, IN 47130

ACL Laboratories
c/o State Collection Service
P. O. Box 6250
Madison, WI 53716

Citibank Stu
701 E 60th St N
Sioux Falls, SD 57104

Direct Brands Inc.
c/o Penn Credit Corporation
916 South 14th Street
Harrisburg, PA 17104

Advanced Critical Transport
8940 Ogden Avenue
Brookfield, IL 60513-2039

Comcast
c/o Credit Protect Assoc
P. O. Box 802068
Dallas, TX 75380

Exeter Finance Corp
1231 Greenway Drive
Irving, TX 75038

Alexander Kathpalia
c/o Creditors Discount & A
415 East Main Street
Streator, IL 61364

Comcast
c/o Credit Protection Assoc
13355 Noel Road, #2100
Dallas, TX 75240

Fingerhut Direct Marketing
c/o Jefferson Capital Systems
16 McLeland Road
Saint Cloud, MN 56303

Alexander Kathpalia
c/o CDA/Pontiac
P. O. Box 213
Sreator, IL 61364

Comcast Chicago Seconds
c/o Credit Management LP
4200 International Pkwy
Carrollton, TX 75007

HSBC Card Services III, Inc.
c/o Arrow Financial Services
5996 West Touhy Avenue
Niles, IL 60714

AT&T
c/o Asset Acceptance LLC
P. O. Box 2036
Warren, MI 48090

Comcast Chicago Seconds
c/o Credit Management LP
4200 International Pkwy
Carrollton, TX 75007

Hsbc/tax
200 Somerset Copor
Bridgewater, NJ 08807

AT&T
c/o West Asset
7171 Mercy Road
Omaha, NE 68106

ComEd
Bankruptcy Department
2100 Swift Drive
Oak Brook, IL 60523

Kurtz Ambulance Service
c/o Northwest Collectors
3601 Algonquin Road, #23
Rolling Meadows, IL 60008

AT&T
c/o West Asset Management
2703 North Highway 75
Sherman, TX 75090

ComEd Residential
c/o Cbe Group
1309 Technology Pkwy
Cedar Falls, IA 50613

Marquette Bank
234 N. Bolingbrook Drive
Bolingbrook, IL 60440-2383

Chicago Auto Dealers, Inc.
206 Barron Boulevard
Grayslake, IL 60030

Dept of Education/Nelnet
3015 Parker Road
Aurora, CO 80014

Nicor Gas
Credit Department
P. O. Box 549
Aurora, IL 60507

Olga Garpinitch
c/o Yevgeniy Vaysman, Ltd.
3400 Dundee Road, #150
Northbrook, IL 60062

Silver Cross Hospital
c/o Miramedrg
991 Oak Creek Drive
Lombard, IL 60148

US Dept of Education
Attn: Borrowers Service Dept
P. O. Box 5609
Greenville, TX 75403

Palos Emergency Med Serv.
c/o Professional Acct Mgmt
P. O. Box 391
Milwaukee, WI 53201

Sir Finance Corp.
c/o Paul D. Lowent
P. O. Box 5718
Elgin, IL 60121-5718

US Dept of Education
P. O. Box 5609
Greenville, TX 75403

Palos Emergency Med. Serv.
c/o Merchants Credit
223 W Jackson Blvd
Chicago, IL 60606

Sprint
c/o Enhanced Recovery
8014 Bayberry Road
Jacksonville, FL 32256

US Dept of Education/Glelsi
2401 International
Madison, WI 53704

Palos Emergency Med. Serv.
c/o Merchants Credit
223 W Jackson Blvd
Chicago, IL 60606

Sprint
c/o ER Solutions
800 SW 39th Street
Renton, WA 98057

US Dept Of Education/Glelsi
2401 International
Madison, WI 53704

Palos Emergency Med. Serv.
c/o Merchants Credit
223 W Jackson Blvd, #4
Chicago, IL 60606

Sprint
c/o ER Solutions
P. O. Box 9004
Renton, WA 98057

Verizon Wireless
1515 Woodfield Road, #140
Schaumburg, IL 60173

Regional Acceptance Co.
765 Ela Road, #205
Lake Zurich, IL 60004

TCF Bank
c/o Professional Acct Mgmt
633 W Wisconsin Avenue
Milwaukee, WI 53203

Verizon Wireless
c/o Midland Credit Mgmt
8875 Aero Drive
San Diego, CA 92123

Salute
P. O. Box 105555
Atlanta, GA 30348

Tribute
P. O. Box 105555
Atlanta, GA 30348

Verizon Wireless
c/o Midland Credit Mgmt
P. O. Box 939019
San Diego, CA 92193

Salute Visa Gold
c/o Midland Credit Mgmt
8875 Aero Drive
San Diego, CA 92123

Tribute Mastercard
c/o Midland Credit Mgmt
8875 Aero Drive
San Diego, CA 92123

West Bay Acquisitions
c/o National Recovery Agency
2491 Paxton Street
Harrisburg, PA 17111

Salute Visa Gold
c/o Midland Credit Mgmt
P. O. Box 939019
San Diego, CA 92193

Tribute Mastercard
c/o Midland Credit Mgmt
P. O. Box 939019
San Diego, CA 92193

Will County Medical Assoc.
c/o Harvard Collection
4839 N Elston Avenue
Chicago, IL 60630

Santander Consumer USA
8585 N Stemmons Fwy
Dallas, TX 75247

University of Phoenix
4615 East Elwood Street
Phoenix, AZ 85040

B203
12/94

# United States Bankruptcy Court
## Northern District of Illinois

In re   Theodore A. Osinski & Kellyann Osinski

Case No. _____

Chapter _____7_____

Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.   Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf  of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follow s:

For legal services, I have agreed to accept ........................................................ $ ___1,300.00___

Prior to the filing of this statement I have received ........…………..................... $ ____551.00____

Balance Due ........................................……………………………….................... $ ____749.00____

2.   The source of compensation paid to me was:

☑ Debtor         ☐ Other (specify)

3.   The source of compensation to be paid to me is:

☑ Debtor         ☐ Other (specify)

4.  ☑   I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐   I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b.  Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;
   c.  [Other provisions as needed]
Upon confirmation of written Post-Petition Fee Agreement for payment of Balance Due, representation of the Debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof.

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following services:
Representation of the debtor in adversary proceedings and other contested bankruptcy matters.

---

### CERTIFICATION

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in the bankruptcy proceeding.

___May 3, 2011___           ___/s/ James T Magee___
Date                              Signature of Attorney

                          ___Magee, Negele & Associates, P.C.___
                              Name of law firm

## RETAINER AGREEMENT

### BANKRUPTCY
**[Installment Payments Intended For Post-Filing Services To Be Confirmed By Client Request]**

Agreement made this 15th day of March, 2011, at Round Lake, Illinois between MAGEE, NEGELE & ASSOCIATES, hereinafter referred to as Attorney, and the undersigned, hereinafter referred to as Client.

1.      Client hereby retains Attorney for filing Chapter 7 Bankruptcy.

2.      Attorney hereby accepts this employment and, in conjunction with the Client's assistance, the Attorney will prepare the necessary Petition in Bankruptcy, Schedules and Statement of Financial Affairs.  Unless and except by separate and subsequent agreement entered into at Client's request after the filing of Client's Bankruptcy Petition, the Attorney will not respond to Creditor inquiries, assist in negotiating Reaffirmation Agreements, attend the First Meeting of Creditors or assist in providing any documents or documentation requested by the Bankruptcy Trustee.  If so requested after filing, Attorney will provide all such services.

3.      The minimum intended fee to be charged by Attorney for all services before and after the filing of the Bankruptcy Petition is $1,300.00 plus costs and Court filing fees.  Client acknowledges receipt of a listing of possible costs and court fees related to this case.

4.      Client has deposited with Attorney an amount to be credited toward pre-filing costs.  Any balance not expended for costs will be applied toward attorney fees on filing and no further fee will be charged after filing unless requested and confirmed by subsequent agreement.

5.      If requested after filing, all post-filing services referred to in Paragraph 2, above, will be provided for a fee not to exceed the amount stated in Paragraph 3 above and may be paid in monthly installments of $100.00 on the 15th day of each month after the filing of Client's Petition in Bankruptcy.

6.  The above charges and the proposed subsequent agreement do **not** include extraordinary matters in the nature of hearings on objections to discharge, defending suits on claims, redemption proceedings or motions avoiding liens and related court costs.  The Attorney's charges for work not included in the above will be paid at an hourly rate of $300.00 for the actual time involved.  **Client's failure to attend the First Meeting of Creditors, without prior notice to the Attorney will result in an additional charge of $175.00 for each continued Meeting of Creditors.  Amendments to the List of Creditors will be billed at $10.00 per Creditor plus Court costs for each amended filing.**

### ACCEPTED:

/s/Theodore A. Osinski                                    **MAGEE, NEGELE & ASSOCIATES, P.C.**
**Client – Theodore A. Osinski**

/s/Kellyann Osinski                                          **By:       /s/James T Magee**
**Client – Kellyann Osinski**                                           **James T. Magee**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                          )    Chapter 7
   Theodore A. Osinski                  )    Bankruptcy Case No.


   Kellyann Osinski                      )


                                         )
   Debtor(s).                              )

**DECLARATION REGARDING ELECTRONIC FILING**
Signed by Debtor(s) or Corporate Representative
**To Be Used When Filing over the Internet**


PART I - DECLARATION OF PETITIONER              Date:_____
A.    To be completed in all cases.


    I(We) **Theodore A. Osinski** and Kellyann Osinski


                      , the undersigned debtor(s), corporate officer, partner, or
member, hereby declare under penalty of perjury that the information I(we) have given my (our)attorney, including
correct social security number(s) and the information provided in the electronically filed petition, statements,
schedules, and if applicable, application to pay filing fee in installments, and Application for Waiver of the Chapter 7
Filing Fee, is true and correct. I(we) consent to my(our) attorney sending the petition, statements, schedules, and this
DECLARATION to the United States Bankruptcy Court. I(we) understand that this DECLARATION must be filed
with the Clerk in addition to the petition. I(we) understand that failure to file this DECLARATION will cause this
case to be dismissed pursuant to 11 U.S.C. sections 707(a) and 105.


B.    To be checked and applicable only if the petitioner is an individual (or individuals) whose
    debts are primarily consumer debts and who has (or have) chosen to file under chapter 7.


    ☒    I(we) am(are) aware that I(we) may proceed under chapter 7, 11, 12, or 13 of Title 11 United States
        Code; I(we) understand the relief available under each such chapter; I(we) choose to proceed under
        chapter 7; and I(we) request relief in accordance with chapter 7.


C.    To be checked and applicable only if the petition is a corporation, partnership, or limited
    liability entity.


    ☐    I declare under penalty of perjury that the information provided in this petition is true and correct and that I
        have been authorized to file this petition on behalf of the debtor.  The debtor requests relief in accordance
        with the chapter specified in the petition.


Signature:_____    Signature:_____
    (Debtor or Corporate Officer, Partner or Member)              (Joint Debtor)